IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WAYNE ALLEN BIGGINS,

   Petitioner,

vs.           CIVIL ACTION NO.: CV212-024

ANTHONY HAYNES, Warden, and
FEDERAL BUREAU OF PRISONS,

   Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Wayne Biggins ("Biggins"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response. For the following reasons, Biggins' petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Biggins was convicted, after a jury trial, in the Northern District of Florida, of: possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Biggins was sentenced to 405 months' imprisonment, which the Eleventh Circuit Court of Appeals affirmed. (Doc. No. 7-2).

Biggins filed a motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied. Biggins filed a motion to reduce his sentence based

AO 72A
(Rev. 8/82)

on amendments to the United States Sentencing Guidelines, and his motion was granted, reducing his sentence to 327 months' imprisonment. (Doc. No. 7-1, p. 21). Biggins filed another motion for reduction of sentence. The trial judge granted his motion and reduced Biggins' sentence to 262 months' imprisonment. (Id. at p. 23).

In this petition, Biggins asserts that the United States Supreme Court's recent decision in DePierre v. United States, ___ U.S. ___, 131 S. Ct. 2225 (June 9, 2011), presents a new rule of substantive criminal law which should be applied retroactively to cases on collateral review. Biggins also asserts that DePierre established that he was wrongfully convicted and/or sentenced for the offenses for which he is currently serving his sentence. Biggins contends that the drug type and quantity is an element of a § 841 offense, and, because these were not questions submitted to the jury, he is actually innocent of the imposed sentence and should be re-sentenced.

Respondent asserts that Biggins does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed. Respondent also asserts that Biggins' petition is a section 2255 motion, as he attacks the validity of his sentence. Because Biggins filed a previous § 2255 motion, Respondent avers, he cannot file another motion without prior authorization from the Eleventh Circuit.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the

2

petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Biggins has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Biggins states that section 2255 is inadequate or ineffective to challenge the legality of his sentence in light of the DePierre decision, which was foreclosed by circuit precedent when he filed his appeal and initial § 2255 motion. (Doc. No. 1, p. 7).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where

3

sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. The Eleventh Circuit has noted that "[t]he Wofford opinion also contains dicta that the savings clause 'may conceivably' apply to some sentencing claims in some circumstances where there was a fundamental defect in sentencing that the prisoner had no opportunity to have corrected before the end of his § 2255 proceeding." Gilbert v. United States, 640 F.3d 1293, 1319 n.20 (11th Cir. 2011).

Biggins bases the claims set forth in his petition on the Supreme Court's decision in DePierre. In DePierre, the Supreme Court determined that the term "cocaine base" used in 21 U.S.C. § 841(b)(1), "in its most natural reading of the term" means "cocaine in its base form" and includes "crack cocaine, freebase, and coca paste." ___ U.S. at ___, 131 S. Ct. at 2231. Even if the holding in DePierre might lend support to Biggins' assertions, it is not retroactively applicable to cases on collateral review so as to allow the filing of a second or successive section 2255 motion. United States v. Crump, No. 706-cr-7-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012); Williams v. United States,

AO 72A
(Rev. 8/82)

No. 9:11cv118, 2012 WL 214893, at *2 n.1 (E.D. Tex. Jan. 23, 2012); Ford v. Keller, No. 411-CV-718-Y, 2012 WL 112900, at *1 (N.D. Tex. Jan. 5, 2012); and Wilson v. United States, No. 11-CV-1532, 2011 WL 6308907, at *3 (W.D. La. Nov. 29, 2011); see also, In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004).

In addition, Biggins fails to present evidence that he was convicted of a non-existent offense, as the DePierre decision did not de-criminalize the conduct for which he was convicted. Biggins has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Biggins has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Biggins cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Biggins is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Biggins' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)